O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAMELA SUE CASTRO,
As heir and representative of the
Estate of Fernando Castro,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

Case No. 5:16-cv-01071 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In February of 2013, Fernando Castro ("Claimant") applied for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the

Social Security Act. The Commissioner of Social Security denied the applications.[1] Claimant passed away in June of 2015 and Plaintiff was substituted as Claimant's heir and representative. Plaintiff, represented by the Law Offices of Lawrence D. Rohlfing, Brian Shapiro, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 20). On November 8, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Claimant applied for benefits on February 14, 2013, alleging disability beginning January 21, 2013, due to various physical impairments. (T at 154-55, 167).[2] The applications were denied initially and on reconsideration. Claimant requested a hearing before an Administrative Law Judge ("ALJ"). On December 16, 2014, a hearing was held before ALJ Dante M. Alegre. (T at 34). Claimant appeared

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Colvin as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Citations to ("T") refer to the administrative record at Docket No. 15.

1  with his attorney and testified. (T at 39-55). The ALJ also received testimony from
2  David Rinehart, a vocational expert (T at 56-59).
3  On April 8, 2015, the ALJ issued a written decision denying the applications
4  for benefits. (T at 16-33). Claimant passed away on June 13, 2015. (T at 759).
5  Plaintiff was substituted on Claimant's behalf on August 15, 2015. (T at 142). The
6  ALJ's decision became the Commissioner's final decision on February 24, 2016,
7  when the Appeals Council denied Plaintiff's request for review. (T at 1-7).
8  On May 23, 2016, Plaintiff, acting by and through her counsel, filed this
9  action seeking judicial review of the Commissioner's decision. (Docket No. 1). The
10 Commissioner interposed an Answer on September 7, 2016. (Docket No. 14). The
11 parties filed a Joint Stipulation on January 19, 2017. (Docket No. 21).
12 After reviewing the pleadings, Joint Stipulation, and administrative record,
13 this Court finds that the Commissioner's decision should be reversed and this case
14 remanded for further proceedings.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s)

with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.   Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.   Commissioner's Decision**

The ALJ determined that Claimant had not engaged in substantial gainful activity since January 21, 2013 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2017. (T at 21). The

ALJ found that Claimant's obesity and alcoholic cirrhosis of the liver were "severe" impairments under the Act. (Tr. 21).

However, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 22).

The ALJ determined that Claimant retained the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 CFR § 416.967 (b), as follows: he could lift/carry 20 pounds occasionally and 10 pounds frequently; he could sit/stand/walk for 6 hours in an 8-hour workday; he could occasionally climb; frequently balance, stoop, kneel, crouch, and crawl; and should avoid extreme heat and hazards. (T at 22).

The ALJ found that Claimant could perform his past relevant work as a fast food cashier and convenience store clerk. (T at 27). As such, the ALJ found that Claimant was not entitled to benefits under the Social Security Act from January 21, 2013 (the alleged onset date) through April 8, 2015 (the date of the ALJ's decision). (T at 28-29). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.   Disputed Issue**

As set forth in the parties' Joint Stipulation (Docket No. 21), Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be reversed. Plaintiff challenges the ALJ's credibility determination.

## IV. ANALYSIS

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Claimant testified as follows: He had difficulty eating and keeping food down, and suffered from nausea, difficulty breathing, pain in his back, neck, and stomach, sleeping problems and swelling of his legs. (T at 40, 41, 43-45, 47). His liver condition caused pain two to three times per day, lasting 30 minutes at a time. (T at 44-45). He was prescribed a cane due to leg swelling. (T at 47). Prolonged sitting and standing were difficult and he made frequent trips to the restroom. (T at 48-49, 52-53). He could lift 10 pounds. (T at 52). He spent most days lying in bed. (T at 53-54). Fatigue was an 8 on a scale of 1 to 10. (T at 54). He needed help with personal care, including dressing. (T at 49). He did not go grocery shopping, did not travel, and did not attend church. (T at 50). His wife helped him remember medication and took him to medical appointments. (T at 54-55).

The ALJ concluded that Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 24).

For the reasons that follow, this Court finds the ALJ's credibility determination must be reconsidered on remand. The ALJ found Claimant's complaints not fully supported by the objective medical record. (T at 24-26). There is some support for this aspect of the ALJ's assessment. Although Claimant was

hospitalized on more than one occasion with severe symptoms (abdominal pain, nausea, vomiting), he seemed to respond to treatment and the symptoms appeared to have abated somewhat. (T at 25, 487-557, 644-749). Two non-examining State Agency review physicians concluded that Claimant could perform light work. (T at 63-66, 78).

However, "[t]he fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence."); *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("It is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings.").

Here, the other reasons cited by the ALJ for discounting Claimant's credibility were inadequate.

The ALJ cited Claimant's testimony regarding body aches and pain, but found it inconsistent with the record, which was "consistently negative for musculoskeletal problems." (T at 23). However, it appears the ALJ did not consider the fact that

Claimant's aches and pains were caused by his liver condition and swelling related to that condition, as opposed to musculoskeletal problems. Claimant's liver problems and lower body swelling are well-documented in the record. (T at 258, 260, 296, 462, 482). The ALJ does not appear to have considered this alternative explanation for Claimant's complaints of excess pain.

The ALJ referenced Claimant's testimony regarding frequent restroom use, noting that there "was no indication of [Claimant] constantly using the restroom in the evidence of record." (T at 24). However, Claimant was hospitalized in March of 2014 with, *inter alia*, vomiting. (T at 382). A June 2014 treatment note reports that Claimant had been feeling nauseated for a month. (T at 463). Claimant was placed on diuretic therapy in March of 2014 and a treatment note indicates that he reported "significant dieresis" (increased or excessive production of urine) (T at 450).

The ALJ also found that Claimant had made "inconsistent statements regarding matters relevant to the issue of disability." (T at 24). In particular, the ALJ noted that Claimant said he lost weight because of appetite issues brought on by feelings of constant nausea, even though (according to the ALJ) the record indicated that Claimant lost weight after he began abstaining from alcohol. (T at 24). The ALJ found that this "discrepancy diminishe[d] the persuasiveness of the claimant's subjective complaints and alleged functional limitations." (T at 24). However, the

treatment note cited by the ALJ simply indicates that Claimant lost more than fifty (50) pounds "since quitting alcohol . . . ." (T at 470). The note does not express an opinion that Claimant lost that much weight solely because of his decision to stop drinking. Indeed, while it is fair to assume that some of the weight loss can be attributed to Claimant's abstinence, there is strong evidence, not adequately addressed by the ALJ, that Claimant suffered from serious problems with his appetite. In January of 2014, Claimant weighed 298 pounds. (T at 478). He was hospitalized in March of that year with nausea, abdominal distention, and decreased appetite. (T at 450). In April of 2014, he weighed 276 pounds and complained of a lack of appetite. (T at 450). Two months later, his weight had dropped to 260 pounds and Claimant reported constant nausea and poor appetite. (T at 457, 463). In December of 2014, Claimant weight 206 pounds, more than 92 pounds less than he did in January of that year. (T at 508). The ALJ concluded that Claimant likely was "trying to lose weight" and was thus being misleading when he cited his weight loss as evidence of the severity of his symptoms. (T at 24). This conclusion is simply not supported by any reasonable reading of the record.

This Court acknowledges that it is fundamentally the ALJ's role to resolve conflicts in the evidence and to interpret ambiguities in the record. However, the ALJ's credibility assessment is flawed for the reasons outlined above.

**B.      Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. There are outstanding issues that should be resolved. The ALJ needs to revisit the question of Claimant's credibility and consider whether, in fact, there are clear and convincing reasons for discounting his subjective complaints apart from the fact that they are not fully corroborated by the objective medical evidence.

However, it is not entirely clear from the record that Claimant was disabled. The objective medical evidence does tend to support the ALJ's overall decision. No treating or examining physician endorsed the extent of Claimant's alleged limitations for a period of 12 months and two State Agency review physicians assessed limitations consistent with the ALJ's RFC determination. Nevertheless, based on the nature and source of Claimant's pain, it seems probable that Claimant was disabled. Because it is unclear whether Claimant was disabled, a remand for

further proceedings is the appropriate remedy.  See Strauss v. Comm'r of Soc. Sec., 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be."

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 6th day of March, 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE